**In re HURST
LINCOLN–MERCURY, INC., Debtor.**

**Laura THOMAS, Plaintiff,**

v.

**HURST LINCOLN–MERCURY, INC., et al., Defendants.**

Bankruptcy No. 1–86–03587.
Adv. No. 1–87–0004.

United States Bankruptcy Court,
S.D. Ohio, W.D.

April 7, 1987.

Ronald L. Burdge, Franklin, Ohio, for plaintiff.

Thomas Kilcoyne, Cincinnati, Ohio, for defendants.

## DECISION AND ORDER ON MOTION FOR PRELIMINARY INJUNCTION

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff herein is a Chapter 11 debtor in a related bankruptcy case in this court. Debtor's business is the operation of an automobile dealership.

In the present complaint, reference is made to a class action state court suit against Fred Hurst, Jr. and other unidentified persons. Hurst is the chief executive officer and president of plaintiff. He and his wife are the sole stockholders of the corporation. The gist of the state court action is to seek redress for alleged violations of the Ohio Consumer Sales Practices Act in connection with the operation of the dealership. The present adversary proceeding invokes 11 U.S.C. § 105 for injunctive relief against the continuance of the state court action, it being contended that it would inhibit the proper conduct of the Chapter 11 case. Plaintiff filed a motion for a preliminary injunction. The motion came on for hearing, at which time the testimony of Hurst was taken.

Hurst testified that he spends the majority of his time in connection with the Chapter 11 reorganization.

The legal standards here applicable were recently restated by Judge David S. Porter in *In re Baldwin United Corp.*, 57 B.R. 759, 766 (D.C.S.D.Ohio 1985):

The traditional standards governing preliminary injunctions under Federal Rule of Civil Procedure 65 are applicable for a § 105 injunction. The Sixth Circuit has specified four factors which are particularly important in determining whether a preliminary injunction is proper: "(1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction." *Unsecured Creditors' Committee of DeLorean Motor Co. v. DeLorean (In re Delorean Motor Co.)*, 755 F.2d 1223, 1228 (6th Cir.1985). These four factors are to be balanced; they are "not prerequisites that must be met." *Id.* at 1229. Nor is any single factor "determinative as to the appropriateness of equitable relief." *Metropolitan Detroit Plumbing & Mechanical Contractors Ass'n v. Department of HEW*, 418 F.Supp. 585, 586 (E.D.Mich.1976), quoted with approval in *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537–38 (6th Cir. 1978), cert. dismissed, 442 U.S. 925, 99 S.Ct. 2852, 61 L.Ed.2d 292 (1979). These elements were originally devised for situations involving stays of administrative orders, however, and they usually require some adaptation to other types of contexts. *C. Wright & A. Miller*, 11 *Federal Practice & Procedure*: *Civil* § 2948 at 430 (1973).

We find that the requisite criteria for the issuance of a preliminary injunction have been met, and therefore relief will be granted to plaintiff. We find that plaintiff will likely be successful in securing a permanent injunction against the state court litigation, because the carrying on of that litigation will likely result in harm or interference with the bankruptcy case pending

here. Hurst is presently spending a great deal of time in connection with his Chapter 11 case. To permit the state court litigation against the continuance of which the present injunctive relief is sought, would distract him from that undertaking. The same remarks serve to show the presence of the second requisite element, irreparable injury. See, *In re Baldwin United, supra,* at p. 768. Thirdly, we are unable to find that the delay in the state court action which will be caused by the issuance of the present injunction will be harmful to defendants. In the state court action, the defendants here seek compensatory relief for past acts. A delay in the state court action while the Chapter 11 issues are being resolved here cannot be seriously prejudicial to defendants. As to the fourth and final element of the test for injunctive relief, the public interest element, we find this to be present in the strong public interest in successful corporate reorganizations. *United States v. Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

Accordingly, plaintiff's motion for a preliminary injunction is granted, with the following proviso. At the hearing, counsel for defendants argued that a failure to secure discovery as to the identity of certain individuals who had been employed by plaintiff could be prejudicial to its efforts to secure relief in the state courts. We except from the operation of the preliminary injunction here granted, the right of defendants to have discovery limited to identifying the mentioned individuals.

So Ordered.